

# FILED

JAN 2 5 2013

Clerk, U.S District Court
District Of Montana
Missoula

## THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## MISSOULA DIVISION

| | |
|---|---|
| YOUNG YIL JO,<br><br>Plaintiff,<br><br>vs.<br><br>SIX UNKNOWN NAMES AGENTS or MR. PRESIDENT OF THE UNITED STATES BARACK OBAMA,<br><br>Defendants. | Cause No. CV 13-00018-M-DLC-JCL<br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY MOTION TO PROCEED IN FORMA PAUPERIS |

Plaintiff Young Yil Jo, a federal inmate confined in Texas, proceeding

without counsel, has filed an incoherent civil rights complaint. (Dkt. 1). Although

he does not appear to have a relationship to Montana, this is Yil Jo's fourth

lawsuit filed in this district. *See* Civil Action Nos. 12-CV-0117-BLG-RFC; 12-

CV-161-BLG-RFC; and 13-0007-M-DLC. The Complaints in all four cases are

nearly identical.

1

As with his previous lawsuits, Yil Jo did not pay the $350.00 filing fee and did not submit an application to proceed in forma pauperis. As he did not pay the filing fee and states "indigent no fee" in his Complaint, he appears to be attempting to proceed in forma pauperis. Because this action is subject to dismissal pursuant to 28 U.S.C. § 1915(g), the Court will not direct Yil Jo to pay the fee or file a motion for leave to proceed in forma pauperis.

Permission to proceed in forma pauperis is discretionary with the Court. *See* 28 U.S.C. § 1915(a). 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Yil Jo has filed several hundred civil actions which were dismissed as frivolous, malicious, or for failure to state a claim. He has received three strikes in at least two federal district courts. See *Yil Jo v. Six Unknown Named Agents*, No. CV-11-1963-RSM (W.D. Wash., Mar. 26, 2012); *Yil Jo v. Six Unknown Named Agents*, No. CV-12-76-JLR ( W.D. Wash, Mar. 9, 2012); *Yil Jo v. Six Unknown Named Agents* No. CV-11-2159-JLR (W.D. Wash., Feb. 21, 2012); *Jo v. Six Unknown Named Agents*, No. 1:08-CV-00005 (E.D. Ca. Jan. 16, 2008); *Jo v. Six*

*Unknown Named Agents*, No. 1:08-CV-00031 (E.D. Ca. Jan. 16 2008); *Jo v. Six Unknown Named Agents*, No. 1:08-CV-1260 (E.D. Ca. Aug. 29, 2008); *Jo v. Six Unknown Named Agents*, 1:08-CV-1254 (E.D. Ca. Sept. 9, 2008). According to an August 10, 2012 Order out of the Eastern District of California, Yil Jo had filed over one-hundred fifty civil cases in that district alone. *Yil Jo v. Six Unknown Names Agents*, No. 1:12cv01279-AWI-GBC(PC).

Yil Jo has far exceeded the three "strikes" allowed by the Prison Litigation Reform Act to a prisoner attempting to proceed in forma pauperis in a federal civil lawsuit. As such, he cannot proceed in forma pauperis in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of Section 1915(g). Even when construed liberally in Yi Jo's favor, the allegations in his Complaint do not support a finding that he is in "imminent danger of serious physical injury."

Ordinarily litigants are given a period of time to pay the $350.00 filing fee, but Yil Jo should not be allowed to do so given his abusive litigation practices. He should have known he could not submit additional complaints without paying the filing fee or demonstrating imminent danger of serious physical harm.

Yil Jo is not entitled to a ten-day period to object. *Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam). No motion for reconsideration

3

will be entertained.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATION

Yil Jo should not be allowed to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g). The Clerk of Court should be directed close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DATED this 25th day of January, 2013.

Jeremiah C. Lynch
United States Magistrate Judge